Stephen C. Ruehmann (167533)
RUEHMANN LAW FIRM
770 L Street, Suite 950
Folsom, CA 95630
Tel: (916) 449-3939
steve@ruehmannlawfirm.com


WILLIAM J. MURRAY – BAR #087936
BELZER & MURRAY LLP
3650 Mt. Diablo Blvd., Suite 130
Lafayette, California 94549
Telephone:  925/284-9000
Facsimile:  925/283-5192
E-Mail: Murray@wjmattorneys.com


Attorneys for Debtor/Defendant
VIVIAN LILY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. OLICK,<br><br>            Plaintiff,<br><br>v.<br><br>VIVIAN LILY,<br><br>            Defendant. | Case No. 2:15-cv-00410-WBS-DAD<br><br>**OPPOSITION BY DEFENDANT VIVIAN LILY TO MOTION BY PLAINTIFF DAVID OLICK FOR DISCOVERY SANCTIONS**<br><br>**DATE: JULY 31, 2015**<br>**TIME: 10:00 A.M.**<br>**COURTROOM: 27** |

## I.  INTRODUCTION

Defendant Vivian Lily ("Lily") hereby respectfully submit this Opposition to the Motion

of Plaintiff David Olick (hereinafter, "Olick") for discovery sanctions or in the alternative to

compel compliance with prior discovery order and, in addition to allow discovery to be "reopened

1

for the depositions of Robert Rich and Marilyn Rich." Olick is seeking this relief for the purported failure to comply with an Order issued on January 20, 2015 by Judge Jaime in the Bankruptcy proceeding, following an inadvertently unopposed motion to compel.

This is essentially a rehash of Olick's Motion to Strike in the Bankruptcy proceeding which was dropped by the Court when Olick succeeded in having this matter transferred to the District Court. While this renewed Motion is not supported by admissible evidence, in his argument Olick has distorted the record by ignoring or outright misrepresenting Lily's efforts to comply with Judge Jaime's Order. Contrary to the assertions of Olick, Lily has prior to the renewal of this Motion provided extensive responses and produced more than 2100 pages of documents. (Declaration of William J. Murray, paragraph 5) Further, Lily provided 36 pages of Supplemental Responses to his Interrogatories. (See Exhibit "A" to Declaration of William J. Murray.) Olick chose to omit those responses from his Exhibits, no doubt because they show the substantial effort undertaken to provide detailed discovery and to produce documents in an effort to comply with Judge Jaime's Order.

Moreover, since receiving the Supplemental Responses to the Special Interrogatories and a production of voluminous documents months ago, Olick has not informed counsel for Lily that he objects to the supplemental responses or production, or finds it to be lacking in any respect.

He proceeded to take a full day of deposition testimony from Lily, obviously not feeling that he was unable to do so for lack of documents or discovery responses. (Declaration of Murray, paragraph 4.)

The Motion is a confused tangle, unsupported by admissible evidence and without basis. The Motion should be denied because on multiple grounds:

/ / /

/ / /

2

(1) It is not supported by admissible evidence. The Declaration of Olick contains no material facts on the claim of lack of compliance with the Order issued in the Bankruptcy proceedings.

(2) Olick has not established that Lily has failed to comply with the Order or to provide details for an order requiring "compliance" by a certain date, his alternative to sanctions.

(3) Olick has distorted the record by failing to acknowledge or even mention the extensive document production and supplemental responses by Lily.

Faced unexpectedly with an Order to compel, which her counsel ( Mr. Ruehmann) did not receive until the compliance deadline, Lily, Ruehmann and new co-counsel, Mr. Murray, aided by Lilys brother, Robert Rich, provided extensive discovery responses and documents to Olick. Having stayed silent on this issue for months, Olick now seeks procedural advantage by moving for sanctions or to compel.

Olick is also using the purported failure to comply as a means to try to selectively reopen discovery which he contends is closed. Olick asks that discovery be reopened to permit the depositions of Lily's brother, Robert Rich and her mother, Marilyn Rich. No link has been made between Lily's purported failure to comply with discovery and reopening it to permit the depositions of non-parties, whose identities were known to Olick when he filed the adversary proceeding in 2012. Moreover, as to Marilyn Rich, Olick has been told that she is no longer healthy enough to submit to deposition. In fact she is on hospice. (Declaration of William J. Murray, paragraph 6.)

The Motion to Compel is an attempt by Olick to gain leverage in a case which he should never have failed as it lacks any merit and is an abuse of the Court system. This case arises out of the acquisition in Lily's name of the property at 846 Leeds Court, Benicia (hereinafter, the "Subject Property") In the Second Amended Complaint Olick claims that Lily entered into two

written agreements, which contained representations upon which he allegedly relied upon in contributing $97,500 towards the acquisition of the Subject Property, and which representations he alleges were false when made.

Olick claims that Lily promised to convey an interest to Olick but never intended to carry out this promise and did not in fact convey an interest to him.   He also claims is that Lily failed to tell him prior to their marriage that she had easy access to substantial funds, and had he known that he would not have contributed his money towards the purchase of the Subject Property.

Lily denies that she made any misrepresentations to Olick, and also disputes the validity of the purported agreements which are Exhibits to the Complaint.  As to Exhibit A, the so-called "Marital Agreement for Purchase of Leeds Court, Benicia", Lily has recently realized that her signature has apparently been forged on this document.

While she has from the outset denied that this purported agreement reflected the actual understanding between her and Olick, unfortunately, she only noticed this while preparing for her recent deposition that the signature on the document is not hers.

Despite filing an action claiming that Lily had committed fraud against him, Plaintiff  has recently (on February 19, 2015) written to Lily,  admitting that the their dispute is not about fraud or other tortious conduct by her.

Plaintiff wrote, "Our differences are just a matter of accounting and should not cloud more important matters."  (Exhibits to Motion submitted by Olick, No. 11A.)

Further, while Plaintiff claims that he was the victim of fraud in that Lily allegedly promised that she would convey an interest in the Subject Property to Plaintiff, but thereafter did not do so and never intended to do so, Olick has also taken the position under oath that she did in fact convey an interest in the Subject Property to Plaintiff.  On April 2, 2010 Plaintiff recorded a Notice of Conveyance Affecting Title to Real Property in which he represented under penalty of

4

perjury that the so-called "Marital Agreement for Purchase of Leeds Court, Benicia", was a conveyance of title.

While Lily does intend to supplement her discovery responses, for example to include information that the Purported Agreement was forged, she respectfully submits that no further order is required as to this discovery. In any event, Olick has failed to demonstrate his right to any such order.

## II. ARGUMENT

The Motion is devoid of merit and should be denied. Olick has not demonstrated that any relief is warranted. At most, if the Court determines that Lily has not complied in some aspect, she should be directed to supplement her responses. Further, Olick should not be permitted to selectively reopen discovery to take the depositions of non-parties.

First, the Motion is not supported by admissible evidence. The only supporting Declaration is that of Olick (Document 14-2), which states that it was executed on July 7, 2015, though oddly, below this representation the document is dated July 30, 2015. There are no facts set forth in the Declaration as to any breaches of discovery obligations by Lily. Instead, Olick merely states that "[a]ll the facts stated in the Motion and Motion to Strike are true and correct and made on personal knowledge." It is not clear to what document he is referring.

Is this a reference to the "Notice of Motion and Motion to Strike" filed on July 1 (Document 10) ? This would be odd as Judge Shubb denied that Motion. (Document 13) Is it a reference to the Notice of Motion and Motion for Discovery Sanctions (Document 15)? This too would be odd as that document was not signed until two days after the Declaration.

Olick makes a similar claim as to unspecified prior declarations and letters in the

Bankruptcy Court proceedings, before this case was removed from its jurisdiction as a result of Olick's actions.   This reference to other documents, many not even specified, does not meet the requirement that this Motion be supported by admissible evidence.

Of course, evidence in support of a motion must accompany the moving papers.  (Federal Rule of Civil Procedure 6(c) (2), Eastern District Rule 142 (a))    Further, such evidence must meet all of the requirements for admissibility of evidence offered at trial. (*Travelers Casualty & Sur Co. of America* ( D. Arizona 2003) 252 F. Supp.2d 917,922.)   Facts must be stated, not just opinions and personal knowledge demonstrated.

Olick has not even approached this requirement.   He simply asks the Court to pour threw multiple poorly identified or unidentified documents and to take it on faith that the "facts" in these documents are true.    The lack of evidence is fatal to this Motion.

Second, in addition to the lack of admissible evidence, the Motion is not even clear about how Lily purportedly failed to comply with the Bankruptcy Court Order.  At most it appears that Olick is objecting to the lack of a privilege log, and vaguely asserting that the production did not include documents he views as important.   There is no discussion of the Supplemental Responses to Interrogatories nor of the Supplemental Responses to Requests for Admission, yet oddly he is seeking an order that they be deemed admitted.

Third, the Motion distorts the record.  While it is true that due to a combination of health problems of Lily and misunderstandings by her then sole counsel, Mr. Ruehmann, early this year, Lily found herself facing an Order to compel, she has made a serious, substantial and good faith effort to provide discovery in compliance with this Order.  The moving papers make no reference to the fact that Lily has thus far provided  over 2100 pages of documents, many of which address they key claims in what is not a document intensive case.

/ / /

6

No reference is made to the 36 pages of Supplemental Responses to his Interrogatories. In fact, Olick appears to have deliberately left those out of his extensive exhibits in support of this Motion.

No reference is made to the fact that Olick clearly felt he had adequate discovery to proceed with Lily's deposition. If Olick truly felt that Lily had not complied with her discovery obligations, why would he not make this motion first?

Fourth, no further order is necessary. It is clear that Lily has at the very least endeavored to fully comply with the Order by Judge Jaime. She intends to further supplement some responses based on the recent discovery of forgery, and has subsequent to the case being transferred to this Court located and produced additional documents. Based on the understanding of counsel as to the documents sought by the Request for Production, no privilege log was deemed necessary as it did not appear that the intent was to obtain privileged documents, and objections were merely asserted to avoid a waiver argument. If this understanding is incorrect then of course a privilege log will be prepared. This should be a matter on which counsel should meet and confer, and not one on which to base a Motion, until and unless such efforts have been exhausted.

### III. CONCLUSION

This Motion is devoid of merit. It is not even supported by admissible evidence. It is respectfully submitted that the Motion should be denied.

Dated: July 17, 2015

BELZER & MURRAY, LLP


　/s/ William J. Murray
WILLIAM J. MURRAY